IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-058 |
| | ) | |
| YA-KENDRA WOODARD, Disciplinary | ) | |
| Investigator; CAPTAIN TIFFANY | ) | |
| BRANCH; WILLIAMS SIKES, Unit | ) | |
| Manager; and JACKSON, Warden of | ) | |
| Security, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

## I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

> frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II.    DISCUSSION

### A.    Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

Plaintiff concedes he has previously had at least three cases dismissed as frivolous, malicious, or for failure to state a claim. (Doc. no. 1, p. 2.) A review of Plaintiff's history of filings confirms he has brought at least three actions or appeals that were dismissed and count as strikes: (1) Clayton v. Williams, No. 6:17-cv-070 (S.D. Ga. Dec. 6, 2017) (dismissed for failure to state a claim and failure to follow court order); (2) Clayton v. Williams, No. 6:16-cv-151 (S.D. Ga. Nov. 14, 2017) (dismissed for failure to state a claim and failure to follow court order); and (3) Clayton v. Williams, No. 6:16-cv-174 (S.D. Ga. Mar. 20, 2017) (dismissed for failure to state a claim and failure to follow court order). See also, e.g., Clayton v. Allen, CV 618-005 (S.D. Ga. May 9, 2018) (dismissing for three strikes under § 1915(g)). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate

he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). <u>Mitchell v. Nobles</u>, 873 F.3d 869, 873 (11th Cir. 2017).

### B.    Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint generally discusses allegations of excessive force and threats by prison officials, but his stated claims include failure to protect claims against Defendant Jackson, and retaliation and due process claims against all Defendants related to the handling of his grievances, disciplinary reports, and housing assignments. (Doc. no. 1, pp. 6-11.) Of Plaintiff's varied allegations, the vast majority do not establish he is in imminent danger of serious physical injury so as to be exempted from the three strikes rule. (<u>See</u> <u>id.</u>); <u>Odum v. Bryan Cnty, Jud. Cir.</u>, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).

Only one allegation, Plaintiff's claim that non-defendant prison official Jimmy Kellom threatened his life, (doc. no. 1, p. 8), *arguably* alleges Plaintiff is in imminent danger of physical injury so as to permit application of the imminent danger exception. This allegation, however, does not permit application of the imminent danger exception for two reasons.

First, Plaintiff's allegation about Mr. Kellom's threats do not relate to any of the named Defendants or claims Plaintiff seeks to raise in this case. The gravamen of Plaintiff's complaint concerns how Plaintiff's grievances, disciplinary reports, and housing assignments have been handled, and does not involve Mr. Kellom's alleged violence or threats against Plaintiff. (<u>See</u> doc. no. 1.) Accordingly, the alleged threats by Mr. Kellom are "too attenuated

from the crux of the complaint" to serve as the basis for application of the imminent danger exception. Daker v. Robinson, 802 F. App'x 513, 515 (11th Cir. 2020) (*per curiam*); see also Frederick v. Kever, No. 4:19CV337, 2019 WL 3857705, at *2 n.2 (N.D. Fla. Aug. 8, 2019) (explaining allegation raised in complaint "appears to be wholly unrelated to the claims alleged against the Defendant or the relief sought by Plaintiff" and thus, "does not satisfy the imminent danger exception to 28 U.S.C. § 1915(g)"), *adopted by* 2019 WL 4261971 (N.D. Fla. Sept. 9, 2019).

Second, Plaintiff's allegation about Mr. Kellom's threats is duplicative of Plaintiff's allegations made in another case in which Jimmy Kellom *is* named as a Defendant, Clayton v. Stewart et al., No. CV 325-009 (S.D. Ga. Feb. 10, 2025).   Plaintiff was permitted to proceed IFP in that case under the imminent danger exception based on this same allegation against Mr. Kellom.  See id. at doc. no. 5.

"[A] claim may be considered malicious for purposes of 28 U.S.C. § 1915(e) and/or § 1915A if it duplicates a claim in another lawsuit filed by the plaintiff."  Hunter v. Jackson, No. 5:24-CV-00179, 2024 WL 5668812, at *4 (M.D. Ga. Aug. 2, 2024) (citations omitted), *adopted by* 2024 WL 5668811 (M.D. Ga. Oct. 2, 2024); see also Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021) (reviewing cases from other Circuits and concluding a duplicative complaint is properly dismissed as malicious).  Moreover, "[a]s part of its general power to administer its docket, a court may stay or dismiss claims that are duplicative of ones already pending in federal court."  Smith v. GDC Med. Contractors, No. 5:17-CV-498, 2018 WL 11222150, at *2 (M.D. Ga. June 7, 2018) (citations omitted).  Indeed, this Court recently "caution[ed] Plaintiff that he should not continue to submit duplicative, repetitious cases, as the Eleventh Circuit has determined submission of duplicative complaints are an abuse of the

judicial process and may properly be dismissed as malicious." Clayton v. Milton et al., No. CV 325-036, doc. 5, p. 4 (citing Daker, 999 F.3d at 1308, and Lomax v. Ortiz-Marquez, 590 U.S. -, 140 S. Ct. 1721, 1726 (2020)).  The Court further warned Plaintiff "duplicative actions may be dismissed outright as an abuse of the judicial process." Id.

The Court also notes this is not the first time Plaintiff attempted to utilize duplicative allegations to establish imminent danger of serious physical injury in various cases.  See Clayton v. Ward, No. 5:22-CV-00375, 2022 WL 22898696, at *2 (M.D. Ga. Dec. 13, 2022) (dismissing Plaintiff's complaint where "allegations that arguably suggest a potential for imminent danger should be dismissed as duplicative, and his remaining claims do not identify any imminent danger of serious physical injury"), *adopted by* 2023 WL 11995361 (M.D. Ga. Jan. 6, 2023).  Such malicious attempts to circumvent the three strikes provision of the PLRA will not be tolerated.

Accordingly, the Court finds Plaintiff's claim Mr. Kellom threatened his life is duplicative of his allegations in Clayton v. Stewart, is therefore malicious, and should be dismissed from this case.  Thus, Mr. Kellom's alleged threats may not serve as the basis for the application of the imminent danger exception.

In sum, Plaintiff's allegations that arguably suggest a potential for imminent danger are insufficiently related to the crux of the complaint and are duplicative, and his remaining claims do not identify any imminent danger of serious physical injury.  For these reasons, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III.    CONCLUSION

In summary, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 20th day of June, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA